IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00253-MSK-MJW

JUDITH M. BECKER,

        Plaintiff,

v.

DISH NETWORK, L.L.C., a Colorado Limited Liability Corporation,

        Defendant.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO COMPEL ARBITRATION**

---

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) or, In the Alternative, Motion to Stay **(#9)**, to which Plaintiff Judith M. Becker responded **(#11)**, and Defendant replied **(#16)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Background

Ms. Becker is a former employee of Defendant DISH Network L.L.C. ("DISH LLC"). In her Complaint (#**1**), she asserts employment discrimination claims against DISH LLC pursuant to Title VII of the Civil Rights Act if 1964, 42 U.S.C. §2000e, *et seq*. DISH LLC seeks dismissal of the claims in the Complaint on the grounds that they are subject to an arbitration agreement between the parties.

In support of its contentions, DISH LLC provides a document entitled "EchoStar, Arbitration Agreement, Mandatory Arbitration if Disputes - Waiver of Rights Agreement"

signed by Ms. Becker on April 28, 2008 ("Arbitration Agreement").  Exh. B to Decl. Of Joseph Nolly, **#9-1**. The Arbitration Agreement provides that the agreement is between Ms. Becker as Employee and "EchoStar Communications Corporation and all of its affiliates (the term 'affiliates' means companies controlling, controlled by or under common control with, EchoStar Communications Corporation)." *Id*.

Pursuant to the Arbitration Agreement, the parties "agree that any claim, controversy and/or dispute between them, arising out of and/or in any way related to Employee's application for employment, employment and/or termination of employment, whenever or wherever brought, shall be resolved by arbitration.  The Employee agrees that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and is fully enforceable." *Id*.  The Arbitration Agreement also provides for attorney's fees incurred in the adjudication of the enforceability of the agreement, as follows: "In the event either party hereto files a judicial or administrative action asserting claims subject to this Agreement, and the other party successfully stays such action and/or compels arbitration of the claims made in such action, the party filing the administrative or judicial action shall pay the other party's reasonable attorneys' fees and costs incurred in obtaining a stay and/or compelling arbitration." *Id*.

DISH LLC presents evidence that it was and continues to be a subsidiary of EchoStar Communications Corporation, which has since changed its name to DISH Network Corporation.

### II.   Analysis

#### A.   Applicable Law

Under the Federal Arbitration Act ("FAA"), agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 4.  The FAA mandates a stay of a judicial proceeding

where the parties have executed a written arbitration agreement covering the dispute. 9 U.S.C. § 3.[1] The Court is authorized by 9 U.S.C. § 4 to compel arbitration when it would have jurisdiction over a suit on the underlying dispute.[2] *See generally Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-27 (1983).

Whether parties have agreed to arbitration, and the scope of that agreement, is generally determined under contract principles. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). A court must assure itself that the parties actually agreed to arbitrate a particular dispute, but, once that finding is made, doubts as to the scope of the agreement to arbitrate should be resolved in favor of arbitration. *Spahr v. Secco*, 330 F.3d 1266, 1267–70 (10th Cir. 2003). The parties appear to agree that Colorado contract law should apply here in determining the existence of an agreement to arbitrate and the scope of that agreement. Under Colorado law, interpretation of a contract is a question of law. *Ad Two, Inc. v. City and County of Denver, ex rel Manager of Aviation*, 9 P.3d 373, 376 (Colo. 2000).

### B.     Existence of an Enforceable Arbitration Agreement

DISH LLC argues that it is an affiliate of EchoStar Communications Corporations, now named DISH Network Corporation, and is therefore a party to the Arbitration Agreement. In addition, it contends that Ms. Becker's claims arise out of and are related to her employment, and termination of employment, with DISH LLC. Therefore, it seeks dismissal of this case, or

---

[1] Assuming this Court were to find that the claims are subject to arbitration, 9 U.S.C. § 3 directs that the Court stay this action while arbitration proceeds. Therefore, to the extent that DISH LLC seeks dismissal of the case, the request is premature absent some other defect in the Court's assertion of jurisdiction.

[2] Although DISH LLC's motion challenges this Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), there is no dispute that the Court has jurisdiction over Ms. Becker's employment discrimination claims. The issue is whether the exercise of that jurisdiction must be stayed in favor of arbitration under the FAA.

alternatively a stay, and referral of the matter to arbitration pursuant to the Arbitration Agreement. Finally, because it provided the Arbitration Agreement and other relevant documents to Ms. Becker's counsel prior to filing this Motion to Dismiss, it also seeks attorney's fees incurred in the litigation of the arbitration issue.

In response, Ms. Becker does not dispute the validity of the Arbitration Agreement or that her claims fall within the scope of the operative provision. Rather, she contends that she was an employee of DISH LLC and not EchoStar Communications Corporation; in other words, she asserts that DISH LLC is not a party to the Arbitration Agreement. In the alternative, she appears to argue that because DISH LLC disclaimed the existence of an employment contract in its offer letter to her, this precludes the existence of any agreement to arbitrate.[3]

The issue in dispute is the existence of a valid agreement to arbitrate, not whether the claims fall within the arbitration clause itself. As to this, DISH LLC has the burden of establishing the existence of the contract and that both it and Ms. Becker are parties to it. *Barbara's Lighting Center, Inc. v. Churchill*, 35 Colo.App. 439, 540 P.2d 1110 (1975).

As noted, the Arbitration Agreement is between Ms. Becker on the one hand and, on the other, EchoStar Communications Corporation and "all of its affiliates (the term 'affiliates' means companies controlling, controlled by or under common control with, EchoStar Communications Corporation)." The parties agree that a subsidiary corporation falls within the definition of "affiliate".

---

[3]Ms. Becker does not develop this argument in any detail. The Court notes that the offer letter states merely that the terms of employment are governed by the Employee Handbook and benefits summary and that "This letter is not intended to create any employment contract between you and EchoStar." Exh. 1 to Pl.'s Resp., #**11-1**. All this means is that the letter does not amount to an employment contract; it does not prevent the formation of other contracts or agreements between the parties. Accordingly, this argument is unavailing.

As a matter of straightforward contract interpretation, this language indicates that Ms. Becker agreed to arbitrate specific disputes with EchoStar Communications Corporation as well as with any of its affiliates. DISH LLC has presented evidence that it is a subsidiary, and therefore an affiliate, of EchoStar Communications Corporation.

To dispute this showing, Ms. Becker cites information from DISH LLC's February 24, 2011 10-K report filed with the Securities and Exchange Commission. The 10-K states that on January 1, 2008, DISH Network Corporation and EchoStar Corporation were spun off into two independent and separate publicly-traded corporations, neither with any ownership interest in the other. DISH LLC replies that EchoStar Corporation is not the same entity as EchoStar Communications Corporation.

Ms. Becker has not offered any other evidence[4] to rebut DISH LLC's showing that it is an affiliate of DISH Network Corporation f/k/a EchoStar Communications Corporation and therefore entitled to enforce the Arbitration Agreement. Therefore, DISH LLC has carried its burden to establish the existence of an enforceable arbitration agreement with Ms. Becker. Given that there is no dispute that Ms. Becker's claims fall within the scope of the agreement, her claims should be resolved through arbitration.

### C.     Attorney's Fees

DISH LLC also requests its attorney's fees incurred as a result of having to litigate enforcement of the Arbitration Agreement. It provides evidence in the form of emails and correspondence showing that it provided the Arbitration Agreement and other relevant

---

[4]Ms. Becker submits an affidavit stating that when she signed the Arbitration Agreement she did not believe she was agreeing to arbitrate employment issues in connection with her employment with DISH Network LLC. Ms. Becker's subjective belief, however, does not demonstrate a factual issue with respect to the relationships among these various corporate entities.

information to Ms. Becker's counsel and requested that Ms. Becker dismiss her claims and proceed with arbitration. Ms. Becker refused to do so.

The Arbitration Agreement provides: "In the event either party hereto files a judicial or administrative action asserting claims subject to this Agreement, and the other party successfully stays such action and/or compels arbitration of the claims made in such action, the party filing the administrative or judicial action shall pay the other party's reasonable attorneys' fees and costs incurred in obtaining a stay and/or compelling arbitration." Ms. Becker filed this lawsuit, which qualifies as a judicial action, asserting claims that the Court has determined are subject to the Arbitration Agreement. DISH LLC has succeeded in obtaining a stay and/or compelling arbitration. Therefore, it is entitled to attorney's fees under the Arbitration Agreement.

The Court, however, will not award fees at this time. DISH LLC's motion is not accompanied by an affidavit in compliance with D.C.COLO.LCivR 54.3. Therefore, this portion of the Motion to Dismiss is denied without prejudice to refiling with a proper affidavit.

**IT IS THEREFORE ORDERED**

(1) Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) or, In the Alternative, Motion to Stay **(#9)** is **GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART**.

(2) Specifically, Defendant's motion is granted to the extent it seeks to stay the proceedings pending arbitration. The parties shall proceed to arbitrate the claims in this case in accordance with the Arbitration Agreement. Pursuant to 9 U.S.C. § 3, the case is **STAYED** in all respects pending arbitration, and for administrative purposes, the Clerk of the Court shall close this case. Defendant's request that the case be dismissed is denied. Defendant's request for attorney's fees is denied

without prejudice to refiling with an appropriate affidavit; such request, however, must be filed within 10 days of the issuance of this Order.

Dated this 5th day of October, 2011

**BY THE COURT:**

*(signature)*
_____

Marcia S. Krieger
United States District Judge