IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00253-MSK-MJW

JUDITH M. BECKER,

      Plaintiff,

v.

DISH NETWORK, L.L.C., a Colorado Limited Liability Corporation,

      Defendant.

---

## ORDER GRANTING REFILED MOTION FOR ATTORNEY FEES

---

**THIS MATTER** comes before the Court on the Defendant's Refiled Motion for Attorneys' Fees (**#23**) and Supplement (**#25**), to which the Plaintiff responded (**#24**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

This matter was stayed pending arbitration in accordance with the terms of an arbitration agreement. The agreement provided for attorney fees to the prevailing party in the event that litigation was required to enforce the arbitration agreement.[1] In the order compelling arbitration (**#22**), the Court determined that the Defendant was entitled to reasonable fees pursuant to this provision, but that Defendant's application was insufficient under the local rules.

The Defendant has filed a renewed motion for attorney fees, which includes an affidavit

---

[1]The fee-shifting provision is as follows: "In the event either party hereto files a judicial or administrative action asserting claims subject to this Agreement, and the other party successfully stays such action and/or compels arbitration of the claims made in such action, the party filing the administrative or judicial action shall pay the other party's reasonable attorneys' fees and costs incurred in obtaining a stay and/or compelling arbitration."

and billing records in accordance with the local rules of this Court.  The Defendant seeks $5,551.41 in fees incurred in conferring with opposing counsel regarding the arbitration issue, researching and drafting the motion to compel arbitration and reply brief, and responding to other incidental related filings.  The Plaintiff opposes the motion on the grounds that the affidavit does not sufficiently specify the tasks and time spent,[2] the Plaintiff has limited financial resources, and the dispute was not frivolous.  The Court has already determined that the Defendant is entitled to its fees and so reviews the request only for the reasonableness of the fees sought.

The Court has reviewed the Defendant's submissions and finds that the rates charged by the two attorneys who worked on the matter are reasonable for the regional market.  In addition, the hours charged are generally for legal tasks related to enforcement of the arbitration agreement.[3]  The time entries do not include any administrative tasks or other improper items.  Given that the issue involved some complexity, including questions about corporate relations and the enforcement by a subsidiary of an arbitration agreement entered with a parent company, the amount of time spent on the litigation of the motion is reasonable.

**IT IS THEREFORE ORDERED**

(1)	The Defendant's Refiled Motion for Attorneys' Fees (#**23**) is **GRANTED.**  The Defendant is awarded $5378.91 in fees.   Said sum will be paid in 30 days failing which judgment shall enter in favor of the Defendant and against the Plaintiff in said amount.

---

[2]This deficiency was remedied by the filing of a supplement.

[3]Two entries, however, shall be excluded, specifically entries relating to the filing of a corporate disclosure statement on April 14, 2011, which appears to be unrelated to the arbitration issue.  These two items total $172.50, which, when deducted from the $5551.41 sought leaves an award of $5378.91.

Dated this 14th day of December, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge